UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRY CRONKITE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-20-250-G |
| | ) |
| STATE OF OKLAHOMA *ex rel.* | ) |
| OKLAHOMA ATTORNEY GENERAL, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

Now before the Court are the Partial Motion to Dismiss (Doc. No. 4) filed through counsel by Defendant State of Oklahoma *ex rel.* Oklahoma Attorney General, and the Motion to Certify Questions to the Oklahoma Supreme Court (Doc. No. 12) filed through counsel by Plaintiff Terry Cronkite. The Motions are fully briefed and at issue. *See* Doc. Nos. 7, 8, 11, 13, 14.

    I.    BACKGROUND

Plaintiff brings this action against his former employer, asserting claims of discrimination and retaliation based on age and disability. Plaintiff claims that he suffers from heart conditions that limit his ability to perform certain physical activities. *See* Pet. (Doc. No. 1-1) ¶ 9. On January 31, 2019, Defendant notified Plaintiff that he would be involuntarily transferred from his position as Chief Investigator for Defendant to the position of Drug Agent for the Oklahoma Bureau of Narcotics. *Id.* ¶¶ 7, 13. As the position of Drug Agent would require physical activities that would adversely affect his heart conditions, Plaintiff advised Defendant of his medical conditions and requested "the

reasonable accommodation of being allowed to continue in his current position." *Id.* ¶¶ 14-16.  Plaintiff contends that Defendant denied the requested accommodation and terminated his employment.  *See id.* ¶¶ 19-20.  He was 71 years old at the time.  *Id.* ¶ 21.

Plaintiff asserts that Defendant's actions constitute disability discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111 et seq., section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and the Oklahoma Anti-Discrimination Act ("OADA"), Okla. Stat. tit. 25, §§ 1101 et seq., as well as age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq, and the OADA.  In its Partial Motion to Dismiss, Defendant seeks dismissal of Plaintiff's ADA, ADEA, and OADA claims as barred by sovereign immunity.  Defendant also argues that retaliation is not a cognizable claim under the OADA.  *See* Def.'s Partial Mot. Dismiss (Doc. No. 4) at 4-9 (citing Fed. R. Civ. P. 12(b)(1), 12(b)(6)).  In his Response, Plaintiff concedes that dismissal is appropriate as to his ADA and ADEA claims but contests Defendant's challenges to his OADA claims.  *See* Pl.'s Resp. Partial Mot. Dismiss (Doc. No. 7) at 2-6; Pl.'s Surreply Partial Mot. Dismiss (Doc. No. 11) at 1-7.

Following the briefing of Defendant's Partial Motion to Dismiss, Plaintiff filed a motion seeking certification of the following questions to the Oklahoma Supreme Court: (1) Does the OADA prohibit employment-based retaliation? (2) Does the OADA provide a remedy to employment-based retaliation? (3) If the answer to questions 1 and/or 2 is no, may a plaintiff who was retaliated against after challenging a discriminatory employment

practice bring a public policy *Burk*[1] claim?  *See* Pl.'s Mot. Certify (Doc. No. 12) at 1.  In response to the Motion to Certify, and in a subsequent Notice to the Court, Defendant withdrew the challenges in its Partial Motion to Dismiss related to the OADA claims. Consequently, Defendant requests that the Court grant dismissal of Plaintiff's ADA and ADEA claims, deem its objections to the OADA claims withdrawn, and deny Plaintiff's Motion to Certify as moot.  *See* Def.'s Resp. Mot. Certify (Doc. No. 13) at 1-3; Def.'s Notice (Doc. No. 19) at 1-4.

II.  DISCUSSION

The decision to certify a question of state law "rests in the sound discretion of the federal district court." *Allstate Ins. Co. v. Brown*, 920 F.2d 664, 667 (10th Cir. 1990) (citing *Lehman Brothers v. Schein*, 416 U.S. 386, 391 (1974)).  Federal courts, however, should restrain from using the procedure "every time an arguably unsettled question of state law comes across [their] desks." *Pino v. United States*, 507 F.3d 1233, 1236 (10th Cir. 2007); *see Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th Cir. 1988) ("Certification is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law.").  Certification may be appropriate "where the question before [the court] (1) may be determinative of the case at hand and (2) is sufficiently novel that [the court] feel[s] uncomfortable attempting to decide it without further guidance." *Pino*, 507 F.3d at 1236.

Plaintiff seeks certification of its questions to the Oklahoma Supreme Court despite Defendant's withdrawal of its challenges to the OADA claims, arguing that Defendant may

---

[1] *Burk v. K-Mart Corp.*, 770 P.2d 24 (Okla. 1989).

3

raise the challenges again at a later stage of the litigation. *See* Pl.'s Reply Mot. Certify (Doc. No. 14) at 1. Even so, as Defendant has expressly withdrawn the challenge that is the subject of Plaintiff's proposed questions for certification, the issue is not "before [the court]." *Pino*, 507 F.3d at 1236; *see* Def.'s Resp. Mot. Certify at 1-3; Def.'s Notice at 1-4. The Court need not decide the propriety of certification unless Defendant raises the challenge again at a subsequent point in this litigation.

## CONCLUSION

For the reasons discussed herein, the Court ORDERS that:

(1) Defendant's Partial Motion to Dismiss (Doc. No. 4) is GRANTED IN PART. Plaintiff's discrimination and retaliation claims under the ADA and Plaintiff's discrimination claim under the ADEA are dismissed without prejudice. Plaintiff's OADA claims remain pending, as Defendant's Rule 12(b)(1) and 12(b)(6) challenges to those claims are withdrawn.

(2) Plaintiff's Motion to Certify Questions to the Oklahoma Supreme Court (Doc. No. 12) is DENIED without prejudice.

IT IS SO ORDERED this 17th day of March, 2021.

_____
CHARLES B. GOODWIN
United States District Judge