IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

TERRY CRONKITE,

    Plaintiff,

vs.

STATE OF OKLAHOMA *ex rel.*
OKLAHOMA ATTORNEY GENERAL,

    Defendant.

Case No. CIV-20-250-G

### DEFENDANT'S AMENDED ANSWER
### TO PLAINTIFF'S PETITION

Defendant State of Oklahoma *ex rel.* Oklahoma Attorney General ("OAG"), for its Amended Answer and defenses to the Petition[1] filed by Plaintiff Terry Cronkite ("Plaintiff") in the District Court of Oklahoma County, State of Oklahoma, Case No. CJ-2020-695, and removed to this Court on March 19, 2020, states as follows to the corresponding paragraphs of the Petition. Each allegation in the Petition is denied unless expressly admitted in this Answer.

### PARTIES

1.    OAG is without sufficient information to admit or deny the allegations in Paragraph 1 and therefore does not admit them.

2.    OAG admits that it is a governmental entity.

---

[1] Since this action was initially filed in the District Court of Oklahoma County, State of Oklahoma, the initial pleading is titled a Petition.

## **VENUE**

3.      Paragraph 3 contains legal assertions or conclusions that do not require a response by OAG. OAG admits that Plaintiff alleges claims under the federal and state laws that he has cited, but OAG denies that some of the laws apply to it and deny any liability to Plaintiff under the laws that are applicable to it.

4.      OAG admits that venue was proper in Oklahoma County (and now in this Court). But OAG denies that it took any action or inaction giving rise to any legally cognizable claims on behalf of Plaintiff.

## **STATEMENT OF FACTS**

5.      Paragraph 5 contains legal assertions or conclusions that do not require a response by OAG. To the extent that a response is required, these allegations are denied.

6.      OAG admits that Plaintiff began working for OAG around March 2014 as a Law Enforcement Agent/Investigator.

7.      OAG admits that around September 2015 Plaintiff was promoted to the position of Chief Investigator.

8.      These allegations are denied.

9.      OAG is without sufficient information to admit or deny the allegations in Paragraph 9 and therefore does not admit them.

10.     OAG admits that Dawn Cash was the First Assistant Attorney General, and in the chain of command for the employment supervision of Plaintiff's employment. All remaining allegations are denied.

11.     OAG admits that around October 2018, Mark Prince became the Human Resources Manager.

12.     OAG admits that around January 15, 2019, Mary Ann Roberts became the Chief Deputy Assistant Attorney General, and in the chain of command for the employment supervision of Plaintiff's employment. All remaining allegations are denied.

13.     OAG admits that Plaintiff was offered, and accepted, a position with the Opioid Task Force at the Oklahoma Bureau of Narcotics as an employee of OAG. OAG denies the remaining allegations in Paragraph 13.

14.     These allegations are denied.

15.     OAG admits that on or around February 5, 2019, Plaintiff submitted a letter from the Oklahoma Heart Hospital that mentioned he "returned to work in 2009 with no physical restrictions, but was primarily working in an office position." The remaining allegations are denied.

16.     OAG is without sufficient information to admit or deny the allegations in Paragraph 16 and therefore does not admit them.

17.     OAG admits that on or around February 5, 2019, Plaintiff submitted a letter from the Oklahoma Heart Hospital that mentioned he "returned to work in 2009 with no physical restrictions, but was primarily working in an office position." The remaining allegations are denied.

18.     These allegations are denied.

19.     These allegations are denied.

20. OAG admits that Plaintiff's employment with OAG terminated on February 15, 2019.

21. OAG admits that Plaintiff was 71 at the time of his termination.

22. OAG admits that the job duties of the Chief Investigator job position continued to exist after February 15, 2019. All remaining allegations and inferences are denied.

23. OAG admits that after February 15, 2019, the Chief Investigator was a person who is younger than Plaintiff. OAG is without sufficient information to admit or to deny the remaining allegations and therefore denies them.

24. These allegations are denied.

25. These allegations are denied.

26. OAG admits that Plaintiff filed a Charge of Discrimination with the EEOC. OAG is without sufficient information to admit the allegations regarding the dates in Paragraph 26 and therefore does not admit them. The copies of the Charge and Right-to-Sue Letter are not attached to the Petition. The remaining contentions in this paragraph are legal assertions or conclusions that do not require a response by OAG. To the extent that a response is required, these allegations are denied.

## **COUNT I**

OAG adopts and incorporates its responses as set out in this Answer.

27. The ADA claim has been dismissed. Furthermore, the contentions in Paragraph 27 are legal assertions or conclusions that do not require a response by OAG. To the extent that a response is required, these allegations are denied.

28. These allegations are denied.

29. These allegations are denied.

30. These allegations are denied.

## COUNT II

OAG adopts and incorporates its responses as set out in this Answer.

31. The ADEA claim has been dismissed. Furthermore, the contentions in Paragraph 31 are legal assertions or conclusions that do not require a response by OAG. To the extent that a response is required, these allegations are denied.

32. These allegations are denied.

33. These allegations are denied.

34. These allegations are denied.

## PRAYER

OAG denies that Plaintiff is entitled to any relief sought in his Prayer.

## DEFENSES

1. All actions taken by OAG regarding Plaintiff's employment or affecting Plaintiff were based on legitimate, non-discriminatory, non-retaliatory reasons.

2. Even if Plaintiff were to prove a discriminatory factor motivated the alleged actions—which OAG expressly denies—OAG would have taken the same action in the absence of such motivation.

3. Plaintiff's damages may be barred in whole or in part by the doctrine of after-acquired evidence.

4. Without conceding Plaintiff has suffered any damages because of any alleged wrongdoing by OAG, OAG pleads the damage caps and/or limits to punitive/exemplary damages under applicable federal, state, and other laws.

5. To the extent Plaintiff claims punitive damages, it constitutes a due process violation under the Fourteenth Amendment to the U.S. Constitution and the comparable provision of the Oklahoma Constitution.

6. Plaintiff may have failed to properly mitigate any alleged damages.

7. OAG reserves the right to amend this Answer to state additional defenses, if facts are identified during discovery which would give rise to such defenses.

## **PRAYER FOR RELIEF**

Defendant OAG prays for the following relief:

a. Judgment and/or dismissal in OAG's favor and against Plaintiff on the claims asserted in the Petition;

b. Plaintiff take nothing by reason of the claims asserted in the Petition;

c. OAG be awarded its costs of defending this action, including reasonable attorney's fees; and

d. Any other and further relief be afforded to OAG that the Court deems just and proper.

Respectfully submitted,


/s/ Victor F. Albert
Victor F. Albert, OBA #12069
Justin P. Grose, OBA #31073
OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
The Heritage Building
621 N. Robinson Ave., Ste. 400
Oklahoma City, OK 73102
Telephone:  (405) 546-3755
Facsimile:  (405) 546-3775
victor.albert@ogletree.com
justin.grose@ogletree.com
***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of July 2021, I electronically transmitted the foregoing to the Clerk of Court using the ECF system for electronic filing. The Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Amber Hurst
Brandon D. Roberts
HAMMONS, HURST, & ASSOCIATES
325 Dean A. McGee Avenue
Oklahoma City, OK 73102
amber@hammonslaw.com
*Attorneys for Plaintiff*

/s/ Victor F. Albert
Victor F. Albert

47702611.1