# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. TERRY CRONKITE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>1. STATE OF OKLAHOMA, ex rel, )<br>   OKLAHOMA ATTORNEY GENERAL, )<br>)<br>)<br>Defendants. ) | Case No. CIV-20-250-G |

## PLAINTIFF'S OBJECTIONS TO CERTAIN OF DEFENDANT'S VOIR DIRE

The Plaintiff, Terry Cronkite, objects to certain *voir dire* questions proposed by Defendant. Dkt. 119. In particular, Plaintiff objects to the following questions:

1. As you sit here right now, do you believe the Plaintiff should win this case?
2. Does anyone believe that because the Plaintiff has brought this lawsuit that the Defendant must have done something wrong to prompt him into doing so.
3. Do you believe the judge would have thrown this case out by now if his claims were not valid?

\* \* \*

5. Do you believe disabled workers should be given preferential treatment because of their disability?

\* \* \*

7. Are you less trustful of management than the employees they supervise?

8. Does everyone realize/accept the proposition that Plaintiff has the burden of proof? As you sit here right now, there is no presumption that the Defendant has done anything wrong.

\* \* \*

13. If the Plaintiff is not able to prove his case, would you have a problem awarding nothing to him?

\* \* \*

17. Are any of you the member of any victims' rights organizations?

18. Have you ever taken any courses or had any training in the following areas: human resources, labor relations, or legal matters generally?

19. Are you more inclined to find against the Defendant because you believe it has the ability to pay a judgment?

20. Do you believe someone claiming wrongful termination must be telling the truth?

21. Do you want the Defendant to prove to you that it has done nothing wrong rather than requiring that the Plaintiff prove the Defendant is at fault?

22. Are you inclined to give more weight to Plaintiff testimony than to the testimony of the Defendant? In other words, are you more apt to believe someone who is accusing a company than you would tend to believe the governmental organization who says it has done nothing wrong?

23. Is anyone a member of a union? If so, have you ever filed a union grievance?

\* \* \*

27. Are any of you more likely to believe an individual than someone who is part of management?

## ARGUMENT AND AUTHORITY

The purpose of *voir dire* is to ensure that jurors are impartial in their beliefs and their ability to follow the Court's instructions. *Neely v. Newton*, 149 F.3d 1074, (10th Cir. 1998); **Morgan v. Illinois**, 504 U.S. 719, 730, 112 S. Ct. 2222, 119 L. Ed. 2d 492 (1992). As the Tenth Circuit explained in **United States v. Baker**, 638 F.2d 198, 200-01 (10th Cir. 1980), the "function of voir dire is to lay the predicate for both the judge's and counsel's judgment about the qualifications and impartiality of potential jurors. Without an adequate foundation, counsel cannot exercise sensitive and intelligent peremptory challenges".

Defendant's proposed questions are not designed to determine the jury's qualifications but rather to announce and suggest evidentiary matters the Defendant wishes to argue and to provide an advance suggestion that such matters are important considerations in this case.

Questions discussing unions or outside rights organizations are tangential to the case as Plaintiff was not part of the union or a rights group, and there are no claims or defenses that rely (in whole or part) on the existence of a union at Plaintiff's worksite. Asking whether any member of the jury is a member of a victim's rights organization pre-supposes that such persons cannot be fair and unbiased.

"Certainly the trial court is not required to propound questions which are argumentative, cumulative or tangential." **Brundage v. United States**, 365 F.2d 616, 618 (10th Cir. 1966). "While it is true that a defendant is entitled to a voir dire that fairly and adequately probes a juror's qualifications, a defendant is not necessarily entitled to test the jurors on their capacity to accept his theory of the case." **United States v. Toomey**, 764 F.2d 678, 683 (9th Cir. 1985).

**RESPECTFULLY SUBMITTED THIS 25th DAY OF APRIL 2022**.

                    HAMMONS, HURST & ASSOCIATES

                    s/ Amber L. Hurst
                    Mark E. Hammons, OBA No. 3784
                    Amber L. Hurst OBA No. 21231
                    325 Dean A. McGee Avenue
                    Oklahoma City, Oklahoma 73102
                    Telephone: (405) 235-6100
                    Facsimile: (405) 235-6111
                    amber@hammonslaw.com
                    *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

      A true copy of the foregoing was filed and served by use of this Court's ECF system of filing and service to the opposing counsel below listed on this 25th day of APRIL 2022.

Victor F. Albert, OBA # 12069
Justin P. Grose, OBA # 31073
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
The Heritage Building
621 N Robinson Ave., Suite 40
Oklahoma City, Oklahoma 74102
Telephone: (405) 546-3755 (Vic Albert direct line)
Telephone: (405) 546-3758 (Justin Grose direct line)
Facsimile: (405) 546-3775
Victor.Albert@oletree.com
Justin.Grose@oletree.com
*Attorneys for Defendant*

                    s/ Amber L. Hurst