UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRY CRONKITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-20-250-G |
| ) | |
| STATE OF OKLAHOMA *ex rel.* ) | |
| OKLAHOMA ATTORNEY GENERAL, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Now before the Court is a Motion for Reconsideration (Doc. No. 150) filed by Defendant State of Oklahoma *ex rel.* Oklahoma Attorney General ("Defendant" or "OAG"). Plaintiff Terry Cronkite has responded (Doc. Nos. 153, 155), and Defendant has filed a Reply (Doc. No. 157). Upon review of the parties' submissions, the Court finds as follows.

The Court previously entered an Order (Doc. No. 142) granting in part and denying in part Defendant's Motion for Summary Judgment (Doc. No. 66). Relevant here, the Court denied Defendant's Motion as to Plaintiff's claim for age discrimination under the Oklahoma Anti-Discrimination Act ("OADA"), Okla. Stat. tit. 25, §§ 1101 et seq. *See* Order at 24. Defendant now asks the Court to reconsider its prior decision and to grant Defendant summary judgment on the OADA age-discrimination claim. *See* Def.'s Mot. Recons. at 4-10.

The Court has discretion to reconsider a prior interlocutory ruling. *See* Fed. R. Civ. P. 54(b) (recognizing that any order that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims

or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"); *see also Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007). "For guidance, the court may look to the standard used to review a motion made pursuant to Federal Rule of Civil Procedure 59(e)." *Ankeney v. Zavaras*, 524 F. App'x 454, 458 (10th Cir. 2013). "Grounds for granting a motion to reconsider pursuant to Rule 59(e) include: '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Id.* (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law"; it is not a proper vehicle to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012.

Defendant invokes the clear-error and manifest-injustice grounds, arguing that "[t]he Court misapprehended [Defendant's] position" as to Plaintiff's OADA age-discrimination claim. Def.'s Mot. Recons. at 4. According to Defendant, the Court's Order, by stating that Defendant's Motion for Summary Judgment "d[id] not directly address Plaintiff's . . . OADA age-discrimination claim," failed to appreciate that Defendant was seeking summary judgment on this claim. Order at 24. Defendant points to various portions of its Motion for Summary Judgment as support for the proposition that the Court misunderstood Defendant's request and should revisit and grant that request now. *See* Def.'s Mot. Recons. at 4-8 (citing Def.'s Mot. Summ. J. at 1, 29-31, 33).

In reviewing Defendant's Motion for Summary Judgment, the Court expressly noted

2

that "OAG seeks summary judgment on all of Plaintiff's claims." Order at 7. Further, Defendant's characterization of the Court's rationale is incomplete: after noting that Defendant's Motion for Summary Judgment failed to directly address certain OADA claims, the Order specifically held: "Accordingly, OAG fails to show that the undisputed material facts require judgment as a matter of law in its favor on these claims. *See* [*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)]; Fed. R. Civ. P. 56(a)." Order at 24.

The Court did not fail to grasp the fact that Defendant was seeking summary judgment on the relevant claim. Rather, the Court concluded that Defendant was not entitled to summary judgment under the governing standards. *See id.* To the extent the Motion for Reconsideration asserts otherwise, it is meritless.

Further, nothing in Defendant's Motion evinces clear error or a need to prevent manifest justice by revisiting that conclusion. Defendant suggests that the Court should apply Defendant's argument referencing the federal Age Discrimination in Employment Act to the state-law age-discrimination claim, despite Defendant's mention of the OADA appearing only in a separate section in the brief. *Compare* Def.'s Mot. Summ. J. at 29, *with id.* at 33. Such a suggestion is an "advance[ment] [of] arguments that could have been raised in prior briefing" and does not support reconsideration. *Servants of the Paraclete*, 204 F.3d at 1012.

## CONCLUSION

Defendant's Motion for Reconsideration therefore (Doc. No. 150) is DENIED.

3

IT IS SO ORDERED this 1st day of July, 2022.

CHARLES B. GOODWIN
United States District Judge

4