UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **TERRY CRONKITE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-20-250-G |
| | ) |
| **STATE OF OKLAHOMA** *ex rel.* | ) |
| **OKLAHOMA ATTORNEY GENERAL,** | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is a Motion for Reconsideration (Doc. No. 154) and Brief in Support (Doc. No. 155) filed by Plaintiff Terry Cronkite. Defendant State of Oklahoma *ex rel.* Oklahoma Attorney General ("Defendant" or "OAG") has responded (Doc. No. 158), and Plaintiff has filed a Reply (Doc. No. 159). Upon review of the parties' submissions, the Court finds as follows.

The Court previously entered an Order (Doc. No. 142) granting in part and denying in part Defendant's Motion for Summary Judgment (Doc. No. 66). Relevant here, the Court granted Defendant's Motion as to Plaintiff's claims for discriminatory termination and retaliatory termination in violation of the Rehabilitation Act, 29 U.S.C. § 791. *See* Order at 17-24, 25. Plaintiff now asks the Court to reconsider its prior decision and to deny Defendant summary judgment on these claims. *See* Pl.'s Br. at 8-28.

The Court has discretion to reconsider a prior interlocutory ruling. *See* Fed. R. Civ. P. 54(b) (recognizing that any order that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all

the claims and all the parties' rights and liabilities"); *see also Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007). "For guidance, the court may look to the standard used to review a motion made pursuant to Federal Rule of Civil Procedure 59(e)." *Ankeney v. Zavaras*, 524 F. App'x 454, 458 (10th Cir. 2013). "Grounds for granting a motion to reconsider pursuant to Rule 59(e) include: '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Id.* (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

Plaintiff argues that "the Court misapprehended the law (and possibly the facts)" and that "failure to correct such misapprehension" will result in manifest injustice. Pl.'s Br. at 8. As noted by Defendant, Plaintiff's Motion largely: (i) rehashes arguments that were previously made and were thoroughly addressed by the Court in its May 2, 2022 Order; and (ii) raises arguments that could have been presented at a prior time. *See, e.g.*, Pl.'s Br. at 10-12, 17-18, 24-26, 27-28. "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law"; it is not a proper vehicle "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012; *see also Ohio Cas. Ins. Co. v. Cloud Nine, LLC*, No. 1:05-CV-88, 2007 WL 45823, at *1 (D. Utah Jan. 4, 2007) ("Courts routinely deny Rule 59(e) motions in which the movant . . . attempts to re-argue more persuasively issues already presented to and addressed by the Court . . . ."). To the extent Plaintiff raises appropriate arguments in his Motion, however, the Court considers them in turn.

In Parts III(B) and III(C) of the Order, the Court examined whether Plaintiff had "'present[ed] circumstantial evidence sufficient to create a genuine issue of material fact on the question of whether [Defendant's] stated justification'" for Plaintiff's termination was pretextual. Order at 20 (quoting *Alvarado v. Donley*, 490 F. App'x 932, 936 (10th Cir. 2012)); *id.* at 23 (citing *Foster v. Mountain Coal Co.*, 830 F.3d 1178, 1186 (10th Cir. 2016)). The Court then considered various arguments made by Plaintiff but found that, "even when viewed in Plaintiff's favor," "the facts in evidence fail[ed] to give rise to a credible inference that the OAG's stated justification is actually a pretext for disability discrimination" or "retaliation." Order at 21-22, 23.

Plaintiff primarily challenges the following discussion in the Order:

> Plaintiff argues that Ms. Cash was incorrect in her understanding of Plaintiff's mindset and demeanor and asserts that he did not unconditionally agree to the transfer—but Plaintiff had boxes in his office, said he did not want to go to the OBN position, and told Ms. Cash, "If you want me out of here, fire me, but . . . I'm not going to resign." Pl. Aff. ¶¶ 5, 12; Pl. Dep. 162:9-20; *see* Pl.'s Resp. at 41. "[A] challenge of pretext requires [the court] to look at the facts as they appear to the person making the decision to terminate plaintiff." [*Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1231 (10th Cir. 2000).] Even if incorrect, "[a] mistaken belief can be a legitimate decision for an employment decision and is not necessarily pretextual." *Id.* (internal quotation marks omitted).

Order at 20 (first, second, and fourth alterations and omission in original).

Plaintiff argues that "if the Court found that Plaintiff unconditionally agreed to the OBN transfer because he had packed boxes and made the [cited] statements," then the Court misapprehended the facts. Pl.'s Br. at 8. No such finding of unconditional agreement was made by the Court, however. Rather, the Court concluded that the cited evidence—as well as other evidence in the record—"fail[ed] to give rise to a credible inference that

3

OAG's stated justification is actually a pretext." *Id.* at 22, 23; *see also* Order at 6. No relief is warranted on this basis.

Plaintiff next attacks that conclusion, arguing that the Court misapplied governing authority regarding an employee's burden to show a triable issue as to pretext and failed to consider certain items of evidence relied upon by Plaintiff. *See* Pl.'s Br. at 10-28. More specifically, Plaintiff contends that the Court improperly required Plaintiff "to show the falsity of the employer's stated reason in order to show pretext." *Id.* at 19. The Court's Order clearly explained, however, that showing falsity is only "[o]ne way" that a plaintiff can meet his or her burden to establish pretext. Order at 20. In addition to considering various fact disputes alleged by Plaintiff, the Court also examined Plaintiff's challenges to Ms. Cash's rationale, Plaintiff's objection to Defendant's discovery responses, and Plaintiff's reliance on timing evidence in finding that Plaintiff had failed to demonstrate "'such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions' in OAG's proffered reasons 'that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons.'" Order at 21 (quoting *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997)).

Plaintiff additionally objects that the Court, rather than viewing the evidence in the light most favorable to Plaintiff, credited Ms. Cash's beliefs as to Plaintiff's acceptance of the job transfer over Plaintiff's testimony that he did not accept the new position or nod his head to communicate his approval to the new position. *See* Pl.'s Br. at 14 (citing Pl. Dep. (Doc. No. 86-1) at 216:22-217:8). The Court's Order, however, expressly considered

4

Plaintiff's *own* version of events in "look[ing] at the facts as they appear[ed] to the person making the decision," as required by governing authority. *Kendrick*, 220 F.3d at 1231; *see* Order at 20 (citing Pl. Aff. ¶¶ 5, 12 (Doc. No. 86-7) (Plaintiff stating that he had been "frustrated" when telling Defendant of his "desire not to go to the OBN position" and admitting that he "did have boxes in [his] office")); Pl. Dep. 162:9-20 (Plaintiff's secret recording reflecting that he stated to Ms. Cash, "If you want me out of here, fire me, but . . . I'm not going to resign.")). Such evidence, as well as other evidence addressed in the Order, did not reasonably permit a factfinder to "deem the employer's reason unworthy of credence," even when considered most favorably to Plaintiff as the nonmovant. *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1193 (10th Cir. 2018).

The Court's Order carefully considered the parties' arguments, the governing standards, and the evidence in the record and found that Plaintiff was unable to demonstrate that Defendant's proffered reasons for the employment decision were a pretext for discrimination or retaliation. As stated by the Court, "'[m]ere conjecture that the employer's explanation is a pretext for intentional discrimination is an insufficient basis for the denial of summary judgment.'" Order at 21 (quoting *Morgan*, 108 F.3d at 1323). Having reviewed Plaintiff's contentions in detail, the Court finds no manifest injustice and no basis for reconsidering its previous ruling.

## CONCLUSION

For the reasons cited herein, Plaintiff's Motion for Reconsideration (Doc. No. 154) is DENIED.

IT IS SO ORDERED this 15th day of July, 2022.

_____
CHARLES B. GOODWIN
United States District Judge