UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRY CRONKITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-20-250-G |
| ) | |
| STATE OF OKLAHOMA *ex rel.* ) | |
| OKLAHOMA ATTORNEY GENERAL, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Now before the Court is a Motion in Limine (Doc. No. 121) filed by Defendant State of Oklahoma *ex rel.* Oklahoma Attorney General ("Defendant" or "OAG"). Plaintiff Terry Cronkite has responded (Doc. No. 138), and the matter is now at issue.

As set forth below, the Motion in Limine (Doc. No. 121) is GRANTED IN PART and DENIED IN PART.

    I.    *Applicable Law*

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Edens v. Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (emphasis and internal quotation marks omitted). Through such a motion, a party may "request . . . guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Id.* (internal quotation marks omitted). "A court's in limine rulings are preliminary and are subject to change as the case unfolds or at its discretion." *Godfrey v. CSAA Fire & Cas. Ins. Co.*, No. CIV-19-329-JD, 2020 WL 1056306, at *1 (W.D. Okla. Mar. 4, 2020) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

## II.  *Defendant's Motion*

In its Motion, Defendant seeks to prohibit Plaintiff, Plaintiff's counsel, and Plaintiff's witnesses from offering certain arguments and items of evidence at trial. *See* Pl.'s Mot. at 1-5.

### A.  "Golden Rule" Argument

Defendant seeks a ruling to the effect that Plaintiff's counsel be prohibited from making a "golden rule" argument to the jury—i.e., imploring the jury to "stand in Plaintiff's shoes" and "'do unto him as they would have him do unto them.'" Def.'s Mot. at 2-3 (quoting *Moody v. Ford Motor Co.*, 506 F. Supp. 2d 823, 836 (N.D. Okla. Mar. 20, 2007)).

"[A] Golden Rule appeal 'is universally recognized as improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence.'" *Blevins v. Cessna Aircraft Co.*, 728 F.2d 1576, 1580 (10th Cir. 1984). Under Tenth Circuit precedent, however, although "a party may not rely on a Golden Rule argument in his plea for damages, . . . such arguments are not improper on the issue of liability." *Moody*, 506 F. Supp. 2d at 836 (citing *Shultz v. Rice*, 809 F.2d 643, 651-52 (10th Cir. 1986)); *accord Shotts v. GEICO Gen. Ins. Co.*, No. CIV-16-1266-SLP, 2018 WL 4832625, at *2 (W.D. Okla. July 12, 2018).

Because "no particular evidence or argument is presented in the parties' briefing on this issue," the Court is unable to make a ruling beyond reciting the applicable law. *Shotts*, 2018 WL 4832625, at *2; *cf. Hemingway v. Russo*, No. 2:16-cv-00313, 2018 WL 6333788, at *1 (D. Utah Dec. 4, 2018) ("[A motion in limine] is . . . not an opportunity for counsel to conceive of every possible evidentiary contingency at trial . . . and obtain prophylactic

rulings to prevent them."). Accordingly, Defendant's request is DENIED, subject to specific objection at trial.

### B. Argument Asking the Jury to "Send a Message"

Defendant next asks that the Court preclude Plaintiff from asking the jury to "'send a message' to OAG's management" or to "act as the 'conscience of the community,'" contending that such appeals are unduly prejudicial. *See* Def.'s Mot. at 3 (citing Fed. R. Evid. 403; *Whitehead v. Food Max of Miss., Inc.*, 163 F.3d 265, 276 (5th Cir. 1998) ("[A]wards influenced by passion and prejudice are the antithesis of a fair trial.")).

Plaintiff responds that he does not intend to ask the jury to "send a message." Accordingly, this aspect of Defendant's request is GRANTED.

Plaintiff contends, however, that Defendant overstates the prohibition on "conscience of a community" argument, noting that the *Whitehead* decision criticizes such arguments specifically when "statements . . . appeal[] to local bias" and "when the parties' relative popular appeal, identities, or geographical locations are invoked to prejudice the viewpoint of the jurors." *Whitehead*, 163 F.3d at 276, 277 (internal quotation marks omitted); *see* Pl.'s Resp. at 2-4; *cf. United States v. Anaya*, 727 F.3d 1043, 1059 (10th Cir. 2013) ("Prosecutors are not permitted to incite the passions of the jury by suggesting they can act as the 'community conscience' to society's problems." (internal quotation marks omitted)). Absent presentation of a specific statement, the Court cannot make a reasoned ruling as to whether the statement constitutes an improper "conscience of the community" appeal and therefore DENIES this aspect of Defendant's request. *See Cook v. Peters*, No. 13-cv-107, 2015 WL 10986407, at *1 (N.D. Okla. July 30, 2015) ("A court will generally

not grant a motion in limine unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible on all potential grounds." (internal quotation marks omitted)).  The Court will hear any objection made at trial.

### C. Testimony Regarding Plaintiff's Subjective Belief of Discrimination

Defendant seeks exclusion of any testimony or evidence regarding Plaintiff's belief that Defendant discriminated against him due to his disability.  According to Defendant, Plaintiff's own belief on this matter "is speculative, conclusory," "not competent evidence," and has a probative value that "would be greatly outweighed by the risk of undue prejudice to OAG."  Def.'s Mot. at 4 (citing Fed. R. Evid. 401, 402, 403).

Defendant cites no decisional authority to support its objection, and Plaintiff counters that this Court has previously rejected an employer's broad request to exclude such evidence.  *See* Pl.'s Resp. at 4 (citing *Dunsworth v. Nat'l Oilwell Varco, L.P.*, No. CIV-17-895-D, 2020 WL 4979203, at *5 (W.D. Okla. Jan. 30, 2020)).  Plaintiff asserts that his subjective beliefs regarding discrimination are relevant to issues including his reason for filing this lawsuit, why Defendant's cited basis for termination was pretextual, and his claim for emotional-distress damages.

Because Defendant has been granted summary judgment on Plaintiff's discriminatory-termination and retaliation claims, pretext is no longer at issue, and so the Court rejects this relevance argument.  Further, the only claim now pending for trial is Plaintiff's claim for violation of the Rehabilitation Act, and emotional-distress damages are not recoverable in private actions to enforce that federal statute.  *See Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562, 1576 (2022).

The Court therefore finds that Defendant's broad request should be DENIED but that the Court will entertain Defendant's objection at trial and permit Plaintiff to present any relevant purpose for which the Court can consider such evidence. *Cf. Dunsworth*, 2020 WL 4979203, at *6 (finding that the plaintiffs "must tailor their testimony and arguments to fit the limited purpose for which evidence of their subjective beliefs can properly be used").

### D. Evidence and Argument Regarding Punitive and Compensatory Damages

Defendant argues that evidence of punitive damages should be excluded as such damages are not allowable under the relevant statutes. *See* Def.'s Mot. at 4. Plaintiff agrees, and so this request is GRANTED. *See* Pl.'s Resp. at 5.

Defendant next contends that Plaintiff is not permitted to seek certain compensatory damages under the Age Discrimination in Employment Act ("ADEA"). Plaintiff's ADEA claim has been dismissed, and so this request is DENIED AS MOOT. *See* Order of Mar. 17, 2021 (Doc. No. 27).[1]

### E. Plaintiff's Medical Records

Defendant raises several objections to the introduction of Plaintiff's medical records at trial. *See* Def.'s Mot. at 5-7.

First, Defendant cites a delay in Plaintiff's production of the records during discovery as a basis for exclusion. But Defendant failed to file a motion with the Court to

---

[1] Defendant's Motion additionally cites authority regarding the availability of compensatory damages under other statutes, but Defendant does not present a reasoned argument why such damages should not be sought in the trial of this matter. *See* Def.'s Mot. at 4-5.

compel the production of these records, or otherwise seek relief regarding any alleged discovery violation, prior to bringing its Motion in Limine.  This objection is meritless.

Defendant next argues that some of the records postdate Plaintiff's employment, rendering them irrelevant and prejudicial.  Defendant's cited example is a record dated July 16, 2019.  *See* Def.'s Mot. at 7.  Plaintiff was terminated from his employment on February 15, 2019.  Defendant offers no on-point authority for the proposition that such a five-month period, by itself, results in the records being obsolete or prejudicial.  The Court rejects this contention.  *See Harp v. Barr*, No. CIV-19-1138-G, 2022 WL 989064, at *5 n.5 (W.D. Okla. Mar. 31, 2022).

Finally, Defendant contends that most of the records are "irrelevant because they were not presented to OAG" while Plaintiff was employed there and so Defendant "could not have taken any employment actions based on" such records.  Def.'s Mot. at 6.  Plaintiff alleges, however, that he verbally disclosed his medical condition to OAG, following up with a letter from his treating physician.  OAG did not ask for records, and Plaintiff did not supply them.  In addition, Defendant's cited authorities address the evidentiary value of such records in establishing a plaintiff's discrimination case—they do not hold that such records are uniformly irrelevant or subject to exclusion at trial.

Accordingly, Defendant's request is DENIED.  Defendant may raise specific objections to records introduced at trial, as appropriate.  *Cf. Romero v. Helmerich & Payne Int'l Drilling Co.*, No. 15-cv-00720, 2017 WL 3268878, at *2 (D. Colo. Aug. 1, 2017) ("[A] court is almost always better situated during the actual trial to assess the value and utility of evidence." (internal quotation marks omitted)).

IT IS SO ORDERED this 18th day of July, 2022.

_____
CHARLES B. GOODWIN
United States District Judge