UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRY CRONKITE, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-20-250-G ) |
| STATE OF OKLAHOMA *ex rel.* OKLAHOMA ATTORNEY GENERAL, | ) ) ) |
|     Defendant. | ) ) |

## ORDER

Now before the Court is a Motion in Limine (Doc. No. 118) filed by Plaintiff Terry Cronkite. Defendant State of Oklahoma *ex rel.* Oklahoma Attorney General ("Defendant" or "OAG") has responded (Doc. No. 140), and Plaintiff has replied (Doc. No. 141).

For the reasons set forth below, the Motion in Limine (Doc. No. 118) is GRANTED IN PART and DENIED IN PART.

    I.    Applicable Law

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Edens v. Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (emphasis and internal quotation marks omitted). Through such a motion, a party may "request . . . guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Id.* (internal quotation marks omitted). "A court's in limine rulings are preliminary and are subject to change as the case unfolds or at its discretion." *Godfrey v. CSAA Fire & Cas. Ins. Co.*, No. CIV-19-329-JD, 2020 WL 1056306, at *1 (W.D. Okla. Mar. 4, 2020) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

## II. Plaintiff's Motion

In his Motion, Plaintiff seeks to prohibit Defendant from offering certain arguments and items of evidence at trial. *See* Pl.'s Mot. at 1-5.

### A. Plaintiff's Disparaging Comments

Plaintiff expects Defendant to present two OAG employees, Samuel Heinen and Mark Prince, to testify at trial regarding comments attributed to Plaintiff that reflected a negative attitude toward women and toward female leaders at OAG. *See, e.g.*, Prince Dep. (Doc. No. 118-2) at 45:13-16 ("[Plaintiff] had apparently a lot of negative things to say about our leadership specifically because they're women and that he didn't want to work for them."), 68:19-21 ("[Samuel Heinen] was talking about all the things [Plaintiff] had to say about our having women as leaders in our office."). Plaintiff requests that the Court exclude evidence of such comments as irrelevant and as unduly prejudicial. *See* Pl.'s Mot. 3. Plaintiff further argues that Mr. Prince's testimony as to statements made by Mr. Heinen constitute inadmissible hearsay. *See id.* (citing Fed. R. Evid. 802).

Defendant contends that the statements are alleged to have been made just prior to a February 13, 2019 meeting between Plaintiff and two senior employees, who were both female, including the person who decided to terminate Plaintiff's employment. Noting that these senior employees have described Plaintiff's behavior at that meeting as belligerent and defiant, Defendant argues that the statements are relevant because they "corroborate [the senior employees'] perceptions of [Plaintiff's] demeanor and attitude at the meeting." Def.'s Resp. at 5-6. Defendant does not address Plaintiff's hearsay objection. *See id.*

"Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401.  As concerns Defendant's motive for firing Plaintiff, it is undisputed that the senior OAG employee who decided to terminate Plaintiff—Ms. Cash—was not informed of the referenced comments prior to taking that decision.  Further, it is not sufficiently established how the fact that Plaintiff had previously made vague criticisms about women leaders makes it "more or less probable" that Plaintiff behaved in an aggressive manner at the meeting on February 13, 2019.  *Id.*  Plaintiff's objection that the comments lack relevance is therefore well founded.  *See* Fed. R. Evid. 402.  Relatedly, to the extent that Defendant believes that engaging in such a manner would be consistent with having made such comments, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1).

Accordingly, Plaintiff's request is GRANTED.  Testimony and evidence regarding these comments shall not be introduced at trial.

### B.  Plaintiff's Drafting of a Timeline on His Home Computer

Plaintiff's deposition testimony reflects that, while still employed with OAG, he drafted a timeline and notes related to events at issue in this lawsuit on his personal computer.  *See* Pl. Dep. (Doc. No. 118-4) at 16:8-17:3; Timeline (Doc. No. 118-3).  Plaintiff argues that because there is no evidence that Plaintiff engaged in any misconduct or violated any OAG policy by typing this timeline at his home, and no suggestion that Plaintiff's drafting of the timeline was a basis for his termination, Defendant "should be

precluded from arguing or implying that Plaintiff engaged in misconduct by creating the notes/timeline at home." Pl.'s Mot. at 3-5.

Defendant "agrees that it will not ask questions as to whether [Plaintiff's preparation of the Timeline] was a violation of OAG policy." Def.'s Resp. at 6. Defendant asserts, however, that the timeline is composed of inadmissible hearsay statements and that Plaintiff's "clandestine" preparation of the timeline is "probative to Plaintiff's motive, actions and credibility." *Id.*; *see also* Fed. R. Evid. 802.

Plaintiff's Reply does not contest the hearsay nature of statements within the timeline. *See* Pl.'s Reply at 6-7. Plaintiff instead argues that there is no basis for Defendant's premise that the timeline was "surreptitiously" prepared or that Plaintiff did anything improper by preparing the timeline. *Id.*

Based upon the current record, Plaintiff's request is GRANTED IN PART and DENIED IN PART, as follows:

- Defendant shall not argue or suggest that Plaintiff drafted the timeline in contravention of any OAG policy or rule of employment.

- Evidence as to the timing and circumstances of the preparation of the timeline may be presented, subject to specific objection at trial.

- Evidence of the statements set forth in the timeline is tentatively excluded. Prior to mentioning any such statement, counsel shall request leave outside the presence of the jury to discuss such evidence, and the Court will hear any specific objection.

IT IS SO ORDERED this 18th day of July, 2022.

CHARLES B. GOODWIN
United States District Judge